UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL D. LETOURNEAU, ET AL.                    CIVIL ACTION

VERSUS                                           NO: 22-4686

QBE SPECIALTY INSURANCE CO.                      SECTION: "A" (4)

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 10)**
and **Motion to Stay (Rec. Doc. 11)** filed by QBE Specialty Insurance Co. The plaintiffs,
Michael D. Letourneau and Elizabeth W. Letourneau, oppose the motions. The motions,
submitted for consideration on March 15, 2023, are before the Court on the briefs
without oral argument (requested but not necessary).

Plaintiffs filed this action for damages sustained in Hurricane Ida against their
property insurer, QBE Specialty Insurance Co. The policy contains an appraisal
provision, which the plaintiffs invoked in November 2021 after their attempts to work
with QBE informally failed. The parties' respective appraisers were not able to agree on
an estimate or an umpire, for reasons that the plaintiffs attribute to failures on the part of
QBE's representatives. Plaintiffs explain that when nothing was moving as it should be
with the appraisal process they had no choice but file this lawsuit. Plaintiffs have
attached to their oppositions numerous examples of their communications with QBE to
support their contentions regarding delay attributable solely to representatives of QBE.
The Court expresses no opinion on those communications at this time.

QBE's first motion seeks a dismissal of this action based on the fact that the

1

lawsuit was filed before the appraisal process was completed, in violation of a term of the policy.

That motion is DENIED because the plaintiffs have adequately demonstrated that their decision to file this lawsuit was justified under the circumstances.

QBE's second motion seeks a stay of this matter so that the appraisal process may continue in accordance with the policy's requirements.

That motion is GRANTED but with restrictions that the Court has detailed below. The dilatory conduct that the plaintiffs are alleging (which includes misrepresentations about the appraisal process by QBE representatives) is best addressed via the plaintiffs' claim for statutory penalties, damages, and attorney's fees, not via a court-determined waiver of the policy's appraisal requirement.[1]  That said, if the appraisal process does not move forward after the Court enters this ruling, and if the plaintiffs are able to demonstrate that the failure to do so is attributable to QBE's representatives, then the Court will have no choice but to declare the appraisal provision forfeited and to set this matter for trial by entering a scheduling order.

Accordingly, and for the foregoing reasons;

IT IS ORDERED that the **Motion to Dismiss (Rec. Doc. 10)** filed by QBE Specialty Insurance Co. is **DENIED**.

IT IS FURTHER ORDERED that the **Motion to Stay (Rec. Doc. 11)** filed by QBE Specialty Insurance Co. is **GRANTED** subject to the following conditions: Within **15 days** from entry of this Order and Reasons an umpire shall be selected by the parties'

---

[1]  That said, the Court will not be entertaining any motions for summary judgment by QBE to dispose of the plaintiffs' claims for penalties, attorney's fees, and damages prior to trial.

appraisers, and the appraisal process shall be <u>concluded</u> no later than **30 days**
thereafter. If the process requires additional time then by agreement of the parties the
Court will extend the deadlines given. But if the foregoing deadlines are not met then
the Court will have no choice but to reconsider its decision to enforce the appraisal
provision.

 **IT IS FURTHER ORDERED** that if the case has not settled by **<u>Friday, May 12,
2023</u>** (if the case does settle then the Court must be notified immediately), then the
parties must prepare and file a <u>joint</u> status report (not to exceed 3 double-spaced
pages) so that the Court can determine whether a scheduling order should be entered
or whether another course of action is appropriate.

March 23, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE